UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NATHAN ESTEP,                                      Civil Action No.: 22-cv-6004

                 Plaintiff,                    **COMPLAINT**

   - against -


DANIEL BRENNER and UNITED NATIONS
INTERNATIONAL SCHOOL,

                Defendants.
-----------------------------------------------------------------------x

    Plaintiff NATHAN ESTEP, by and through his attorney, Joseph S. Fritzson, Esq., from J.S. FRITZSON LAW FIRM, P.C., for his Complaint, respectfully alleges the following:

## NATURE OF ACTION

1. In this action, Plaintiff seeks judgment against Defendants for their violations of Section 2000e-2(a)(1) of Title 42 of the United States Code, Section 8-107(1)(a)(2,3) of the New York City Administrative Code, Section 296(1)(a, h) of the New York Executive Law, and printing defamatory statements about Plaintiff as well.

## THE PARTIES

2. Plaintiff NATHAN ESTEP is a resident of the State of New York, County of New York.

3. Defendant DANIEL BRENNER is the Executive Director of Defendant UNITED NATIONS INTERNATIONAL SCHOOL.

4. Defendant UNITED NATIONS INTERNATIONAL SCHOOL is the former employer of Plaintiff and maintains a place of business in the State of New York, County of New York.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the subject matter arises under the Constitution and laws of the United States.

6. Further, the Court has supplemental jurisdiction over Plaintiff's state law claims as 28 U.S.C. § 1367(a) dictates that, in any civil action of which the district courts have original jurisdiction, a district court shall have supplemental jurisdiction over all other claims that are related to claims in the action within such original jurisdiction and form part of the same case and controversy.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Defendant UNITED NATIONS INTERNATIONAL SCHOOL maintains a place of business in this district.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFF'S CAUSES OF ACTION

8. Plaintiff, an openly homosexual African American male who is HIV-positive, was initially employed by Defendant UNITED NATIONS INTERNATIONAL SCHOOL on or about September 1, 2021 as a Permanent Substitute Teacher before being promoted to a Junior School Homeroom Teacher on or about January 11, 2022.

9. At no point in time, during his 10 years in the finance industry nor in his six years teaching in early childhood education, did Plaintiff ever receive a complaint from a customer and/or parent nor has he ever been disciplined, fined, investigated, and/or suspended by a regulatory or self-regulatory organization.

10. During his employment with Defendant UNITED NATIONS INTERNATIONAL SCHOOL, Plaintiff was subjected to constant harassment, discrimination, and disparate treatment, all part of a toxic, hostile, juvenile, and repugnant working environment.

11. Less than two weeks into his employment, Kathleen Melillo, a white, heterosexual Third-Grade Homeroom Teacher, yelled "Don't touch!" at Mr. Estep after he simply attempted to redirect a child, who was not paying attention, by tapping the child's hand even though Kathleen Melillo, herself, would touch, hug, and/or hold the children. Following this event, Kathleen Melillo, under her breath, audibly disparaged Plaintiff and with the assistance of a coworker, spread vicious, untrue rumors about Plaintiff's sexuality including, but not limited to, an unfounded claim that Plaintiff was involved in an illicit and inappropriate affair with a student of Defendant UNITED NATIONS INTERNATIONAL SCHOOL.

12. In January 2022, Plaintiff was instructed by the Junior School Principal, Pascal Vallet, and Alessandra Camilo, the Vice Principal of Defendant UNITED NATIONS INTERNATIONAL SCHOOL, that he was not to email the parents of the students in his class. This was in contrast to how other homeroom teachers, who are overwhelmingly white, heterosexual, and/or female, were treated since they were not required to present their emails and/or messages to upper management before they were sent off to parents.

13. On or about April 15, 2022, during a meeting in which Plaintiff and Jessica Hiebl, the Fourth Grade Team Leader, discussed the calendar of events, Anne-Mari Pesonen and Jessica Hiebl told Plaintiff the school recently fired a male teacher for engaging in illicit conduct with female student athletes. During this meeting, Plaintiff was also called a "pedophile" and other derogatory terms.

14. In early-May 2022, Defendant DANIEL BRENNER placed Ljubinka Kampanellaris, a white, heterosexual teaching assistant, in Mr. Estep's classroom on a permanent basis. The placement of the aforementioned teaching assistant was contrary to the practices of Defendants, as no other fourth grade teacher in the Junior School had a co-teacher in their homeroom.

15. On or about May 18, 2022, Jennifer Amos, the Academic Affairs Officer, at the direction of Defendant DANIEL BRENNER, informed Plaintiff that he was under investigation. Jennifer Amos then made a racially disparaging comment stating to Plaintiff that "niggers don't belong here" and instructed Plaintiff to "go home" and not return to the school's campus. The following day, on or about May 19, 2022, after not hearing back from Pascal Vallet nor Alessandra Camilo, Plaintiff returned to the campus and was informed, by the security for Defendant UNITED NATIONS INTERNATIONAL SCHOOL, that his employment was terminated. Plaintiff was then escorted to Defendant DANIEL BRENNER's office, at which point Defendant stated that he heard that Plaintiff was at Defendant UNITED NATIONS INTERNATIONAL SCHOOL "late with a student," a false accusation that was based upon Kathleen Melillo's unfounded claim referenced earlier. Defendant DANIEL BRENNER then informed Plaintiff that he called the aforementioned student's mother and was informed, by the mother, that Plaintiff was tutoring her son and had been providing tutoring lessons for months.

16. About a month later, on or about June 15, 2022, Plaintiff was told that Defendant DANIEL BRENNER wanted to speak with him. After being escorted by security, Plaintiff was informed that his email to Alessandra Camilo, in which he recanted and detailed the bullying and abuse he experienced at the hands of Defendants and their staff, caused a stir amongst Plaintiff's coworkers. Plaintiff was terminated and, without hassle, left the campus of Defendant UNITED NATIONS INTERNATIONAL SCHOOL.

17. It must be noted that, prior to his June 15, 2022 termination, Plaintiff was one of only two African American head teachers that taught at Defendant UNITED NATIONS INTERNATIONAL SCHOOL in the Junior School and was the only openly homosexual male head teacher as well.

18. Following the termination of Plaintiff's employment, with reasonable belief, there is now only one African American head teacher, one male head teacher, and no homosexual head teachers whatsoever amongst the over two dozen head teachers in the Junior School.

## AS AND FOR A FIRST CAUSE OF ACTION
(Racial, Color, Gender, and Sexual Orientation Discrimination and Hostile Work Environment in Violation of Section 2000e-2(a)(1) of Title 42 of the United States Code)

19. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20. Section 2000e-2(a)(1) of Title 42 of the United States Code, known as Title VII, states that it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to terms, conditions, or privileges of employment, because of such individual's race, color, and/or sex.

21. Further, the Courts have held that an employer can be held liable for fostering a hostile work environment under Title VII where the harassment experienced is sufficiently severe or pervasive enough to alter the conditions of an individual's employment and create an abusive working environment.

22. In the subject matter, there cannot be doubt that Plaintiff was discharged by Defendants, discriminated against in respect to his terms, conditions, and privileges of employment, and subjected to an undeniably abusive working environment due to his race, color, and sex.

23. Plaintiff, during his time at Defendant UNITED NATIONS INTERNATIONAL SCHOOL, had slurs directed at him by the school's staff, received unequal treatment as he was ordered to present his emails and/or messages to upper management and had a white, heterosexual teaching assistant forced upon him when none of his peers were forced to present their emails nor had a co-teacher in their homeroom, and had unfounded and unsubstantiated rumors and accusations spread about him amongst other inappropriate actions taken by Defendants. As noted above, Plaintiff's treatment was unique as, prior to his termination, he was one of only two African American and male teachers and the only openly homosexual male head teacher at the Junior School as well.

24. Further the termination of Plaintiff's employment was undeniably based upon Plaintiff's race, color, and sex, as the termination occurred after Plaintiff addressed the inappropriate bullying and abuse he endured from his peers and superiors via his email to the Vice Principal of Defendant UNITED NATIONS INTERNATIONAL SCHOOL, Alessandra Camilo.

25. Finally, the constant harassment experienced by Plaintiff was severe and pervasive enough to significantly alter the conditions of Plaintiff's employment and created an abusive working environment, as he was the only teacher to have a co-teacher in his homeroom, had numerous racial and homophobic slurs targeted at him, and had vicious, unsubstantiated rumors regarding his sexuality spread amongst his peers. The abusive working environment is further amplified by the fact that his employment was terminated immediately after he informed his superiors of the harassment he dealt with.

26. Based upon the discrimination and wrongful discharge experienced by Plaintiff, due to his race, color, and sex, as well as the hostile work environment he experienced due to the

6

aforementioned discrimination, it is clear that Defendants willfully and blatantly violated Section 2000e-2(a)(1) of Title 42 of the United States Code.

27. As a result of the foregoing race, color, and sex discrimination suffered by Plaintiff, Defendants are to provide ONE MILLION DOLLARS AND ZERO CENTS ($1,000,000.00) to Plaintiff as he suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Racial, Color, Gender, and Sexual Orientation Discrimination in Violation of Section 8-107(1)(a)(2,3) of the New York City Administrative Code)**

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. Section 8-107(1)(a)(2,3) of the New York City Administrative Code dictates that it is an unlawful discriminatory practice for an employer or an employee, because of the actual or perceived race, color, gender, and sexual orientation of any person, to discharge from employment such person and/or discriminate against such person in terms, conditions, and/or privileges of employment.

30. As discussed above, Plaintiff, based upon his race, color, gender, and sexual orientation, was subjected to continuous harassment and discriminatory working conditions and privileges by both his peers and superiors as slurs were directed at him, vicious rumors were spread about him, and unsubstantiated and unfounded accusations were pointed at him in addition to unique and unfair working conditions forced upon him when other teachers were treated differently.

31. Further the termination of Plaintiff's employment was undeniably based upon Plaintiff's race, color, gender, and sexual orientation, as the termination occurred once Plaintiff finally addressed the inappropriate treatment he endured from both his peers and superiors.

32. Based upon the above discrimination and inequitable and disparate treatment due to Plaintiff's race, color, gender, and sexual orientation, it is wholly evident that Defendants violated the provisions of Section 8-107(1)(a)(2,3) of the New York City Administrative Code.

33. As a result of the foregoing race, color, gender, and sexual orientation discrimination suffered by Plaintiff, Defendants are to provide ONE MILLION DOLLARS AND ZERO CENTS ($1,000,000.00) to Plaintiff as he suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Racial, Color, Gender, and Sexual Orientation Discrimination in Violation of Section 296(1)(a, h) of the New York Executive Law)**

34. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. Section 296(1)(a) of New York Executive Law states that it is an unlawful discriminatory practice for an employer to discharge from employment an individual or to discriminate against such individual in terms, conditions, or privileges of employment because of the individual's race, color, gender, and sexual orientation.

36. Further, as per Section 296(1)(h) of New York Executive Law, it is an unlawful discriminatory practice for an employer to subject any individual to harassment because of the individual's race, color, gender, and sexual orientation or because the individual opposed any practices forbidden by the statute. Such harassment is an unlawful discriminatory practice when it

subjects the individual to inferior terms, conditions, or privileges of employment because of the individual's membership in a protected category.

37. As noted and further discussed above, during his employment at Defendant UNITED NATIONS INTERNATIONAL SCHOOL, Plaintiff was the victim of constant discrimination and harassment by his peers and superiors as he was called derogatory names, received disparate treatment, and had hurtful and vicious accusations and rumors made and spread about him solely based upon his race, color, gender, and sexual orientation.

38. Further, it is evident that Plaintiff's employment was terminated due to his race, color, gender, and sexual orientation, based upon the demographics of the Junior School teachers at Defendant UNITED NATIONS INTERNATIONAL SCHOOL, and that he experienced harassment because he opposed these discriminatory practices, as his employment was terminated shortly after he emailed Alessandra Camilo regarding his objection to the inappropriate treatment he constantly endured.

39. Despite his competency and well-regarded skill in teaching his students, Plaintiff was discriminated against by Defendants and received inequitable treatment by both his peers and superiors, due to his race, color, gender, and sexual orientation, prior to and following his objections to said treatment.

40. Because of the unjust discrimination and harassment suffered by Plaintiff, it is wholly evident that Defendants unequivocally and undeniably violated the provisions of Section 296(1)(a, h) of New York Executive Law.

41. As a result of the foregoing race, color, gender, and sexual orientation discrimination suffered by Plaintiff, Defendants are to provide ONE MILLION DOLLARS AND ZERO CENTS

9

($1,000,000.00) to Plaintiff as he suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

42. Plaintiff demands a JURY TRIAL.

**WHEREFORE**, Plaintiff NATHAN ESTEP demands judgment against Defendants DANIEL BRENNER and UNITED NATIONS INTERNATIONAL SCHOOL as follows:

A. Compensatory damages on his First, Second, and Third Causes of Action in the sum of ONE MILLION DOLLARS AND ZERO CENTS ($1,000,000.00);

B. Attorney's fees, costs, and disbursements of this action; and

C. For such other and further relief as the Court may deem to be just, equitable, and proper.

Dated: Lake Success, New York
July 14, 2022

J.S. FRITZSON LAW FIRM, P.C.

_____
JOSEPH S. FRITZSON, ESQ.
*Attorneys for Plaintiff*
NATHAN ESTEP
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676